MD

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Doarnell R. Jackson,

               Plaintiff,

vs.

Joseph M. Arpaio, et al.,

               Defendants.

No.   CV 13-2255-PHX-DGC (BSB)

**ORDER**

On November 4, 2013, Plaintiff Doarnell R. Jackson, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a December 30, 2013 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 7, 2014, Plaintiff filed his First Amended Complaint (Doc. 7).  On February 27, 2014, Plaintiff filed a Motion for Preliminary Injunction (Doc. 9).  The Court will dismiss the First Amended Complaint with leave to amend.  The Court will deny the Motion without prejudice.

I.      **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

1   has raised claims that are legally frivolous or malicious, that fail to state a claim upon
2   which relief may be granted, or that seek monetary relief from a defendant who is
3   immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

4       A pleading must contain a "short and plain statement of the claim *showing* that the
5   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8
6   does not demand detailed factual allegations, "it demands more than an unadorned, the-
7   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
8   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
9   conclusory statements, do not suffice."  *Id.*

10       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
11   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
12   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual
13   content that allows the court to draw the reasonable inference that the defendant is liable
14   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible
15   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw
16   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's
17   specific factual allegations may be consistent with a constitutional claim, a court must
18   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*
19   at 681.

20       But as the United States Court of Appeals for the Ninth Circuit has instructed,
21   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,
22   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less
23   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.
24   Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

25       If the Court determines that a pleading could be cured by the allegation of other
26   facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal
27   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The
28   Court should not, however, advise the litigant how to cure the defects.  This type of

advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II.    First Amended Complaint

In his First Amended Complaint, Plaintiff sues Maricopa County, the Maricopa County Sheriff's Office ("MCSO"), Maricopa County Sheriff Joseph M. Arpaio, and Detention Officers at the Maricopa County Fourth Avenue Jail.  Plaintiff seeks compensatory and punitive damages, attorney's fees, and an injunction requiring the immediate discontinuation of strip searches of inmates being held in Maricopa County detention facilities.

In Count I, Plaintiff alleges that his Fourteenth Amendment rights have been violated and alleges the following facts:  Defendant Arpaio instituted a policy "requiring the strip search of all arrestees who are introduced into the Maricopa County [Fourth Avenue] Jail for custodial housing."  This policy is carried out "without any suspicion of possessing weapons or contraband upon entering the detention facilities as well as prior to any and all court proceedings and hearings, solely for the reason(s) of being a detainee of the Sheriff's department and under the care of Sheriff Joseph M. Arpaio."  When Plaintiff was arrested and detained, he was subject to a "'blanket' strip search" along with all other inmates "regardless of misdemeanor or felony infraction."  The searches are "excessive and harassing to pretrial detainees who have yet to be found guilty of crimes."  According to Plaintiff, these searches constitute disparate treatment, violate inmates' equal protection rights, and are "unrelated to any penological interests."  The searches cause "physical, mental, emotional and psychological distress and instability."

In Count II, Plaintiff alleges that the strip searches violate his Fourth Amendment rights because Defendant Arpaio's policy "invokes a (blanket) strip search of all arrestees, including minor/misdemeanor offenders awaiting bond without [] reasonable

1   suspicion of weapons or contraband."  The strip searches are also required "prior to any

2   court appearances and upon return, regardless of any reasonable suspicion of individual

3   necessity, but solely for the facility's (blanket) strip search policy and requirement on the

4   behalf of Maricopa County Sheriff's Department and under the authority of Sheriff

5   Joseph M. Arpaio."  Plaintiff asserts that the strip searches are thoroughly degrading,

6   frightening, and humiliating and cause psychological distress.

7        In Count III, Plaintiff alleges that the strip searches violate his Eighth Amendment

8   rights and that he has "been continuously strip searched solely for the reasons of being an

9   inmate and for being arrested."  "Strip searches of any pre-arraignment and pre-trial

10   detainee is not nor has it been supported by reasonable individualized suspicion and

11   placement in the general population by itself cannot justify a strip search."

12   **III.    Failure to State a Claim**

13        To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

14   conduct about which he complains was committed by a person acting under the color of

15   state law and (2) the conduct deprived him of a federal constitutional or statutory right.

16   *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  A plaintiff must also allege that

17   he suffered a specific injury as a result of the conduct of a particular defendant and he

18   must allege an affirmative link between the injury and the conduct of that defendant.

19   *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

20        **A.    MCSO**

21        Plaintiff sues MCSO; however, MCSO is not a proper defendant.  Claims under

22   § 1983 are directed at "bodies politic and corporate."  *Monell v. Dep't of Soc. Servs.*, 436

23   U.S. 658, 688-89 (1978).  Under the Civil Rights Act of 1871, Congress intended

24   municipalities and other local government units to be included among those persons to

25   whom § 1983 applies.  *Id*. at 689-690.  In Arizona, the responsibility for operating jails

26   and caring for prisoners is placed by law upon the sheriff and the County.  *See* Ariz. Rev.

27   Stat. §§ 11-251(8), 11-291(A), 11-441(A)(5), 31-101.  MCSO is simply an administrative

28   creation of the sheriff to allow him to carry out his statutory duties; it is not a "person"

amenable to suit pursuant to § 1983.  *See, e.g., Petaway v. City of New Haven Police Dep't*, 541 F. Supp. 2d 504 (D. Conn. 2008); *Pahle v. Colebrookdale Twp.*, 227 F. Supp. 2d 361 (E.D. Pa. 2002).  Accordingly, MCSO will be dismissed from this action as a Defendant.

### B.    Detention Officers at the Maricopa County Fourth Avenue Jail

Plaintiff alleges no facts against any specific detention officer at the Maricopa County Fourth Avenue Jail.  Accordingly, Defendant Detention Officers at the Maricopa County Fourth Avenue Jail will be dismissed.

Moreover, Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties in the action.  As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.  The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  Where the names of individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the individual unknown defendants as Defendant Jane (or John) Doe 1, John Doe 2, and so on, *and* allege facts to support how each particular Doe defendant violated the plaintiff's constitutional rights.  A plaintiff may thereafter use the discovery process to obtain the names of fictitiously named defendants whom he believes violated his constitutional rights and seek leave to amend to name those defendants.

As discussed herein, Plaintiff will be granted leave to file an amended complaint in which he should name as Defendants the person(s) who allegedly violated his constitutional rights.  If Plaintiff does not know the names of those person(s), Plaintiff may refer to each such person by a fictitious name, e.g., John Doe 1, John Doe 2, and so on *and* allege facts to support how each defendant violated his constitutional rights.  That

is, Plaintiff must allege when, where, and how any Doe defendant violated his constitutional rights.

### C.   Maricopa County

Plaintiff alleges no facts against Defendant Maricopa County; therefore, Defendant Maricopa County will be dismissed.

### D.   Fourth Amendment

Plaintiff alleges in Count II that the strip searches at the Fourth Avenue Jail violate his rights under the Fourth Amendment. Detainees, like convicted prisoners, do not possess "the full range of freedoms of an unincarcerated individual." *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). The applicability of the Fourth Amendment turns on whether the person invoking its protection can claim a "justifiable," a "reasonable," or a "legitimate expectation of privacy" that has been "invaded by government action." *Hudson v. Palmer*, 468 U.S. 517, 525 (1984) (quotation omitted); *see also Bell*, 441 U.S. at 557 ("any reasonable expectation of privacy that a detainee retained necessarily would be of a diminished scope"). "A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Id.* at 527-28. Furthermore, any restriction on a plaintiff's privacy interests is justified to the extent that it is "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). The investigation and prevention of illegal inmate activity, including the prevention of contraband and circulation of threats, is a legitimate penological objective. *See Thornburgh v. Abbott*, 490 U.S. 401, 411-12 (1989).

Generally, strip searches do not violate the Fourth Amendment rights of prisoners. *See Michenfelder v. Sumner*, 860 F.2d 328, 322-33 (9th Cir. 1988). Whether a search is reasonable under the Fourth Amendment requires a case-by-case "balancing of the need for the particular search against the invasion of personal rights that the search entails . . . ." *Bell,* 441 U.S. at 559. "The required factors for courts to consider include: (1) the scope of the particular intrusion, (2) the manner in which it is conducted, (3) the

1    justification for initiating it, and (4) the place in which it is conducted." *Byrd v.*
2    *Maricopa County Sheriff's Dept.*, 629 F.3d 1135, 1141 (9th Cir. 2011) (quotations
3    omitted).

4          At the same time, the Fourth Amendment does guarantee the right of the people to
5    be secure against unreasonable searches, and its protections are not extinguished upon
6    incarceration. *Michenfelder,* 860 F.2d at 332-33.   Further, the Fourth Amendment has
7    been held to apply to the invasion of bodily privacy. *Id.* at 332.   Thus, strip searches that
8    are excessive, vindictive, harassing, or unrelated to any legitimate penological interest
9    may violate the Fourth Amendment. *Id.*   A policy of routinely strip searching arrestees
10   for contraband has been held not to be unreasonable where there is no physical contact
11   and the searches are professionally conducted in relative privacy. *Bull v. City and County*
12   *of San Francisco*, 595 F.3d 964, 973 (9th Cir. 2010).   Moreover, an arrestee can be "strip
13   searched without individualized suspicion if the arrestee would be introduced into the
14   general jail population." *Edgerly v. City and County of San Francisco,* 599 F.3d 946, 957
15   (9th Cir. 2010) (citing *Bull*, 595 F.3d at 977).   However, jail officials must have
16   "reasonable suspicion to strip search arrestees charged with minor offenses who are not
17   classified for housing in the general population." *Id.*   Finally, the Supreme Court upheld
18   as constitutional strip searches of *arrestees*, which were conducted by county jails as a
19   standard part of the intake process and required male prisoners to lift their genitals and
20   cough in a squatting position, because the searches were "designed to uncover contraband
21   that can be undetected by a patdown, metal detector, and other less invasive searches."
22   *Florence v. Bd. of Chosen Freeholders of County of Burlington*, 132 S. Ct. 1510, 1520
23   (2012).

24         In this case, Plaintiff's allegations are too vague and conclusory to state a claim.
25   Plaintiff fails to allege any *specific* facts about the strip searches at the Fourth Avenue
26   Jail, such as when he was strip searched, by whom, where, or any facts to support that the
27   search or searches were excessive, vindictive, harassing, or unrelated to a legitimate
28   penological interest.   Plaintiff does not allege facts to support that there was any physical

contact or that the searches were unprofessionally conducted or not conducted in relative privacy.  Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*  In short, Plaintiff fails to allege sufficient facts to state a Fourth Amendment claim, and Count II will be dismissed.

### E.   Fourteenth Amendment

Plaintiff alleges in Count I that the strip searches violate his Fourteenth Amendment rights.  Under the Due Process Clause, "a detainee may not be punished prior to an adjudication of guilt."  *Bell*, 441 U.S. at 536 (citations omitted).  However, the government may subject a pretrial detainee "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution."  *Id.*  Here, Plaintiff has failed to allege facts to support that the strip searches are conducted with the intent to punish pretrial detainees.  *Bell*, 441 U.S. at 540 (no unconstitutional punishment occurs when the government imposes restrictions as part of legitimate operational concerns to ensure security and order).

Plaintiff also alleges that his rights under the Equal Protection Clause have been violated.  The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *see City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).   A state practice that interferes with a fundamental right or that discriminates against a suspect class of individuals is subject to strict scrutiny. *Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976); *see City of Cleburne*, 473 U.S. at 441.   Absent allegations that he is a member of a suspect class, or that a fundamental right has been violated, a plaintiff must allege facts to support that he has

been intentionally treated differently from others who are similarly situated without a reasonable basis therefor. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Conclusory allegations do not suffice. *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Plaintiff does not allege that he is a member of a suspect class or that he has been treated differently from other similarly situated individuals.

Accordingly, Plaintiff fails to state a Fourteenth Amendment claim and Count I will be dismissed.

### F.    Eighth Amendment

Plaintiff alleges in Count III that his Eight Amendment right to be free from cruel and unusual punishment has been violated. A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment's Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. *Bell*, 441 U.S. 520 (1979). Nevertheless, the same standards apply, requiring proof that the defendant acted with deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

To state a claim for unconstitutional conditions of confinement, a plaintiff must allege that a defendant's acts or omissions have deprived the inmate of "the minimal civilized measure of life's necessities" and that the defendant acted with deliberate indifference to an excessive risk to inmate health or safety. *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer*, 511 U.S. at 834); *see Estate of Ford v. Ramirez-Palmer,* 301 F.3d 1043, 1049-50 (9th Cir. 2002). Whether conditions of confinement rise to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to those conditions. *Keenan v. Hall*, 83 F.3d 1083, 1089, 1091 (9th Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978)). "The circumstances, nature, and duration of a deprivation of [] necessities must be considered in determining whether a constitutional violation has occurred." *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).

1   Thus, for example, to state a claim regarding personal security, the detainee must show
2   that the defendant was deliberately indifferent.  *Redman v. County of Los Angeles*, 942
3   F.2d 1435, 1443 (9th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1074 (1992).  To
4   adequately allege deliberate indifference, a plaintiff must allege facts to support that a
5   defendant knew of, but disregarded, an excessive risk to inmate safety.  *Farmer*, 511 U.S.
6   at 832-33.  That is, "the official must both [have been] aware of facts from which the
7   inference could be drawn that a substantial risk of serious harm exist[ed], and he must
8   also [have] draw[n] the inference."  *Id.*

9        Plaintiff has failed to allege any facts supporting that any Defendant was
10   deliberately indifferent to an excessive risk to his health or safety.  Accordingly, Count
11   III will be dismissed.

12   **IV.   Leave to Amend**

13        For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed
14   for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff
15   may submit a second amended complaint to cure the deficiencies outlined above.  The
16   Clerk of Court will mail Plaintiff a court-approved form to use for filing a second
17   amended complaint.  If Plaintiff fails to use the court-approved form, the Court may
18   strike the second amended complaint and dismiss this action without further notice to
19   Plaintiff.

20        Plaintiff must clearly designate on the face of the document that it is the "Second
21   Amended Complaint."  The second amended complaint must be retyped or rewritten in
22   its entirety on the court-approved form and may not incorporate any part of the original
23   Complaint or First Amended Complaint by reference.  Plaintiff may include only one
24   claim per count.

25        A second amended complaint supersedes the original Complaint and First
26   Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal*
27   *Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After
28   amendment, the Court will treat the original Complaint and First Amended Complaint as

JDDL-K

1   nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the

2   original complaint or first amended complaint and that was voluntarily dismissed or was

3   dismissed without prejudice is waived if it is not alleged in a second amended complaint.

4   *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

5   **V.    Motion for Preliminary Injunction**

6          Plaintiff's Motion for Preliminary Injunction asks the court to enjoin Defendants

7   "from enforcing 'unconstitutional' jail policies to the petitioner, as well as all others

8   similarly situated . . . being the actual act of 'blank strip searching' all detainees housed

9   at Maricopa County(s) [Fourth Avenue] Jail(s) without any reasonable suspicion of

10  containing weapons or drugs."

11         A preliminary injunction is an extraordinary and drastic remedy and will not be

12  granted absent a clear showing of likely success in the underlying claim and possible

13  irreparable injury.  *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*).

14  An injunction or temporary restraining order is appropriate to grant intermediate relief of

15  the same character as which may be granted finally, and relief is not proper when

16  requested on matters lying wholly outside the issues in suit.  *See DeBeers Consol. Mines

17  v. United States.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43

18  (11th Cir.), *amended*, 131 F.3d 950 (11th Cir. 1997).  To obtain injunctive relief, the

19  party "must necessarily establish a relationship between the injury claimed in the party's

20  motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470,

21  471 (8th Cir. 1994).  In other words, Plaintiff must seek injunctive relief related to the

22  merits of his underlying claim.  Because Plaintiff's First Amended Complaint has been

23  dismissed, there are currently no claims pending before this Court.

24         In addition, a temporary restraining order without notice may be granted only if

25  "specific facts in an affidavit or verified complaint clearly show that immediate and

26  irreparable injury, loss, or damage will result to the movant before the adverse party can

27  be heard" and the movant certifies to the court in writing any efforts made to give notice

28  and the reasons that notice should not be required.  Fed. R. Civ. P. 65(b)(1).  A "court

may only issue a preliminary injunction on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Plaintiff has not provided notice nor does he explain why notice should not be required. Based on the foregoing, Plaintiff's Motion will be denied without prejudice.

**VI.   Warnings**

**A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.   Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

JDDL-K

granted, unless the prisoner is under imminent danger of serious physical injury."   28 U.S.C. § 1915(g).

### E.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   The First Amended Complaint (Doc. 7) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)   If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)   Plaintiff's Motion for Preliminary Injunction (Doc. 9) is **denied without prejudice**.

(4)   The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 7th day of May, 2014.

_____
David G. Campbell
United States District Judge

JDDL-K

- 13 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence.**  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                                     1

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Defendant(s)
>
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)          )
        Plaintiff,          )
                  )
        vs.          )   **CASE NO.** _____
                  )   (To be supplied by the Clerk)
(1) _____ ,  )
(Full Name of Defendant)          )
(2) _____ ,  )
                  )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,  )   **BY A PRISONER**
                  )
(4) _____ ,  )   ☐ Original Complaint
        Defendant(s).          )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
      ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 5/1/2013                       1                           **550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
  (Position and Title)                                                          (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
  (Position and Title)                                                          (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
  (Position and Title)                                                          (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
  (Position and Title)                                                          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities           ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property        ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**

a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes    ☐ No

b.    Did you submit a request for administrative relief on Count I?           ☐ Yes    ☐ No

c.    Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No

d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities   ☐ Mail   ☐ Access to the court  ☐ Medical care
  ☐ Disciplinary proceedings ☐ Property  ☐ Exercise of religion ☐ Retaliation
  ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
  a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
  b. Did you submit a request for administrative relief on Count II? ☐ Yes ☐ No
  c. Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☐ No
  d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____

    _____.


2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

    ☐ Basic necessities            ☐ Mail            ☐ Access to the court       ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                              ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count III?           ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                       DATE                                   SIGNATURE OF PLAINTIFF


_____

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____

(Signature of attorney, if any)

_____

_____

(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6